```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
YVES NORD,                                                  :
                                                            :
                                Petitioner,                 :
                                                            :          17-CV-3679 (VSB)
                -v-                                         :
                                                            :          MEMORANDUM & ORDER
                                                            :
THOMAS DECKER, et al.,                                      :
                                                            :
                                Respondents.                :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __8/23/2017__

Appearances:

Ellen Kathleen Pachnanda
Brooklyn Defender Services
Brooklyn, NY
*Counsel for Petitioner*

Brandon M. Waterman
Assistant United States Attorney
  *For Joon H. Kim, Acting United States Attorney*
  *for the Southern District of New York*
New York, NY
*Counsel for Respondents*

VERNON S. BRODERICK, United States District Judge:

       Yves Nord ("Nord" or "Petitioner"), a native and citizen of Haiti, petitions for a writ of habeas corpus seeking an individualized bond hearing by the Department of Homeland Security ("DHS"). He argues that the Second Circuit's decision in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), which held that criminally convicted immigrants awaiting removal cannot be detained for longer than six months without a bond hearing, extends to arriving aliens seeking asylum and placed in removal proceedings. I agree. *See Clerjuste v. Decker*, No. 17-CV-4252 (VSB) (S.D.N.Y. Aug. 12, 2017). For the reasons that follow, Nord's petition is GRANTED and

he must be promptly afforded an individualized bond hearing.

   I.   **Factual and Procedural Background**

Nord, a 32-year-old citizen of Haiti, fled Haiti to escape ongoing incidents of persecution committed against him by his former business partner, with the acquiescence of the Haitian government.  (Pet. ¶ 22.)[1]  Nord hoped to seek refuge in the United States with his friend in Santa Fe Springs, California.  (*Id.*)  Petitioner presented himself for inspection to a border official at the U.S.-Mexico border on November 14, 2016.  (*Id.* ¶ 23.)  Lacking documentation that would allow him entry into the United States, (*see id*. Exh. A), the U.S. Customs and Border Protection ("CBP") took him into custody.  (*Id*. ¶ 23.)  Petitioner was then transferred to the New York area, where he was interviewed by a DHS asylum officer who determined that he presented a credible fear of persecution if he returned to Haiti.  (*Id.* ¶ 24.)  Thereafter, U.S. Immigration and Customs Enforcement ("ICE") placed Petitioner into removal proceedings in New York.  (*Id*. ¶ 26.)

According to Petitioner's Notice to Appear, the charging document used to commence removal proceedings, Nord is an "arriving alien" who passed the credible-fear screening.  (Pet. Exh. A.)  He is purportedly being detained under 8 U.S.C. § 1225(b)(1)(B)(ii), which provides that "[i]f the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum."

Prior to retaining counsel, Petitioner submitted a parole request to ICE; that request was denied on January 18, 2017.  (Pet. Exh. B.)  According ICE, it determined that parole "was not appropriate at this time" because Nord had not established he was not a flight risk because he

---

[1] "Pet." refers to Nord's Petition for Writ of Habeas Corpus.  (Doc. 1.)

"failed to provide, to ICE's satisfaction, a valid U.S. address where [he] will reside while [his] immigration case is pending", and that "imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, [his] appearance at required immigration hearings pending the outcome of [his] case." *Id.*

Nord has been detained for over nine months. A hearing on the merits of his asylum petition is scheduled for August 28, 2017. (Pet. ¶ 6.)

On May 16, 2017, Nord filed his petition for a writ of habeas corpus in this Court, arguing that he should be entitled to a bond hearing.[2] (Doc. 1.) On May 18, I issued an order referring the case to Magistrate Judge Kevin Fox for a report and recommendation. (Doc. 4.) Pursuant to the parties' proposal, Magistrate Judge Fox directed the Government to file a response brief by July 3, and Petitioner to file his reply by July 10. (Doc. 8.) In light of recent decisions in similar cases, including my August 12, 2017 Memorandum and Order in *Clerjuste v. Decker*, No. 17-CV-4252 (VSB) (S.D.N.Y.), and to conserve judicial resources, I withdrew with the consent of the parties the reference to Judge Fox on August 21. (Doc. 15.)

**II.     Discussion**

Petitioner makes two arguments: first, that he is being detained under 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b), and second, that his detention since November 14, 2016 without an individualized bond hearing violates due process. Consistent with my August 12, 2017 Memorandum and Order in *Clerjuste v. Decker*, No. 17-CV-4252 (VSB) (S.D.N.Y.), I find that *Lora* applies to Petitioner's case and that he is entitled to an individualized bond hearing. In reaching this decision, I assume Nord is detained under 8 U.S.C. § 1225(b)(1)(B)(ii); therefore, I

---

[2] This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 2241(c)(3). *See Saleem v. Shanahan*, No. 16-CV-808 (RA), 2016 WL 4435246, at *2 (S.D.N.Y. Aug. 22, 2016).

need not decide whether he is being detained under 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b).

In *Lora*, the Second Circuit held that "in order to avoid the constitutional concerns raised by indefinite detention, an immigrant detained pursuant to [8 U.S.C. §] 1226(c) must be afforded a bail hearing before an immigration judge within six months of his or her detention." 804 F.3d at 616. This "bright-line rule" was adopted "in order to avoid the constitutional concerns raised by indefinite detention." *Id.* The statute at issue in *Lora* was 8 U.S.C. § 1226(c), which requires the DHS to detain aliens living within the United States who are convicted certain crimes.[3]

Petitioner argues that *Lora* should be extended to those detained under 8 U.S.C. § 1225(b), which governs "arriving aliens" seeking admission. Specifically, Petitioner is detained under § 1225(b)(1)(B)(ii), which imposes mandatory detention of arriving aliens seeking asylum who have presented "a credible fear of persecution."[4] Other arriving aliens who

---

[3] 8 U.S.C. § 1226(c)(1) states:

    The Attorney General shall take into custody any alien who--

        (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

        (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

        (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or

        (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

    when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

[4] 8 U.S.C. § 1225(b)(1) states:

    (B) Asylum interviews

        (i) Conduct by asylum officers

        An asylum officer shall conduct interviews of aliens referred under subparagraph (A)(ii), either at a port of entry or at such other place designated by the Attorney General.

        (ii) Referral of certain aliens

apply for admission who are "not clearly and beyond a doubt entitled to be admitted" are also subject to mandatory detention. § 1225(b)(2)(a).[5] In both cases, an alien applying for admission may apply for discretionary parole in cases of "urgent humanitarian reasons" or "significant public benefit." 8 U.S.C. § 1182(d)(5)(A).

The Circuit has not had the opportunity to address the question of whether *Lora* applies to § 1225(b). The majority of courts in this District have concluded that *Lora* must also apply to an arriving lawful permanent resident ("LPR") detained under § 1225(b)(2)(A). *See Morris v. Decker*, No. 17-CV-02224 (VEC), 2017 WL 1968314, at *3 (S.D.N.Y. May 11, 2017) ("This Court joins Judge Abrams in holding that the same considerations that led the Second Circuit to limit section 1226(c) detention without a bond hearing to six months compel a similar result here. . . . [T]o avoid constitutional concerns, section 1225(b) must be read to include a six-month limitation on the length of detention of an LPR without an individualized bond hearing."); *Heredia v. Shanahan*, No. 16 Civ. 2024 (KMW), 2017 WL 1169645, at *5 (S.D.N.Y. Mar. 28, 2017) ("[T]he Court can find no basis to distinguish a LPR detained before a removal hearing pursuant to § 1226(c) who is entitled to a bail hearing within six months, *Lora*, 804 F.3d at 616, and a LPR detained pursuant to § 1225(b)."); *Ricketts v. Simonse*, No. 16 Civ. 6662 (LGS), 2016 WL 7335675, at *4 (S.D.N.Y. Dec. 16, 2016) ("[D]etention pursuant to § 1225(b) must be

---

> If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum.

[5] 8 U.S.C. § 1225(b) states:

> (2) Inspection of other aliens
>
> (A) In general
>
> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

construed to contain a reasonableness limitation of six months."); *Arias v. Aviles*, No. 15-CV-9249 (RA), 2016 WL 3906738, at *10 (S.D.N.Y. July 14, 2016) ("[T]he Second Circuit's decision in *Lora* dictates that the Court interpret 8 U.S.C. § 1225(b)(2)(A) to include a reasonable temporal limitation of six months on . . . detention so as to avoid serious constitutional concerns."). *But see Cardona v. Nalls-Castillo*, 177 F. Supp. 3d 815, 816 (S.D.N.Y. 2016) (concluding without analysis that *Lora* "does not extend to individuals detained under Section 1225(b)"); *Perez v. Aviles*, 188 F. Supp. 3d 328, 332 (S.D.N.Y. 2016) (holding that LPR detained under § 1225(b) not entitled to individualized bond hearing).

Petitioner is not an LPR, and unlike the petitioners in *Arias*, *Morris*, *Ricketts*, and *Heredia*, he is an asylum seeker and detained pursuant to § 1225(b)(1)(B)(ii), rather than § 1225(b)(2)(A), (*see* Doc. 14 at 2). The question therefore is whether *Lora*'s six-month limitation on detention absent an individualized bond hearing extends to nonresident arriving aliens seeking asylum. Consistent with my August 12, 2017 Memorandum and Order in *Clerjuste v. Decker*, No. 17-CV-4252 (VSB) (S.D.N.Y.), I conclude that it does.

As stated above, in *Arias v. Aviles*, Judge Abrams concluded that the six-month *Lora* limitation applies to arriving LPRs detained under § 1225(b)(2)(A). 2016 WL 3906738, at *10. Judge Abrams then extended that reasoning in a subsequent case before her to a nonresident arriving alien detained pursuant to § 1225(b)(2)(A) because to hold otherwise would improperly construe the same immigration detention statute differently depending on the detained alien's immigration status. *Saleem v. Shanahan*, 16-CV-808 (RA), 2016 WL 4435246, at *4-5 (S.D.N.Y. Aug. 22, 2016) ("To interpret the statute one way for LPRs and another way for non-resident arriving aliens 'would render [the] statute a chameleon, its meaning subject to change depending on the presence or absence of constitutional concerns in each individual case.'"

(quoting *Clark v. Martinez*, 543 U.S. 371, 382 (2005))).  Likewise, Judges Caproni and Engelmayer recently held that *Lora*'s sixth-month limitation extends to asylum-seekers detained pursuant to § 1225(b)(1)(B)(ii), like Petitioner here.  *See Osias v. Decker*, No. 17-CV-02786, 2017 WL 3242332, at *5 (S.D.N.Y. July 28, 2017); May 25, 2017 Transcript at 48-51, *Sammy v. Decker*, No. 17 CV 2615 (PAE) (S.D.N.Y.), ECF No. 16 (adopting Judge Abrams's analysis in *Arias* and *Saleem*).  I find the reasoning in these cases persuasive.

The Government's principal argument is that nonresident aliens arriving at the border have fewer constitutional protections than those present in the United States, citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law. . . .  But an alien on the threshold of initial entry stands on a different footing:  Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.").  *Mezei* did not hold and the Government does not argue that nonresident aliens arriving at the border have no constitutional rights.  In any event, as Judge Caproni explained, "*Mezei* is inapposite because the statutory scheme considered in *Mezei* is no longer in force and effect; the category of 'excludable aliens' that was considered in *Mezei* was eliminated by the passage of the [Illegal Immigration and Immigrant Responsibility Act]."  *Osias*, 2017 WL 3242332, at *5 (citing *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013)).  Moreover, "the fact that Petitioner is not an LPR does not save the statute from its unconstitutional implications, for the same statute must be construed similarly as applied to all categories of immigrants captured under the statute."  *Id.* (citing *Saleem*, 2016 WL 4435246, at *4).  As such, I agree with Judge Caproni that "the detention of an asylum-seeker such as Petitioner pursuant to Section 1125(b)(1)(B)(ii) for longer than six months

7

without an individualized bond hearing violates due process." *Id.*

The parole process provided by the Government is inadequate for the reasons stated by Judge Engelmayer, namely because the parole determination is "not made by a neutral judicial arbiter" and because the standard for granting parole—"urgent humanitarian reasons" or "significant public benefit"—is "not coextensive with the standards for release governing a bond hearing." May 25, 2017 Hr'g Tr. at 51, *Sammy v. Decker*, 17 CV 2615 (PAE). However, ICE's concerns that Petitioner lacks a valid address in the United States and that conditions of parole will not reasonably ensure Petitioner's appearance at required immigration hearings, (*see* Pet. Exh. B), will certainly be relevant to an immigration judge's assessment of whether continued detention is appropriate, as will the fact that Petitioner is an arriving alien rather than an LPR. Whether he is released on bond is of course at the discretion of the immigration judge who will consider his application, but the Due Process Clause requires an individualized bond hearing to justify Petitioner's continued detention, which has now exceeded nine months. *See Osias*, 2017 WL 3242332, at *6 ("The Court . . . is not questioning the Government's authority to detain Petitioner; rather, the Court's concern is with the length of Petitioner's detention without an individualized bond hearing.").

### III.   Conclusion

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is GRANTED. On or before August 28, 2017, Respondents shall provide an individualized bond hearing to Petitioner to determine whether his detention is justified.

The Clerk's Office is respectfully directed to close the case.

SO ORDERED.

Dated: August 23, 2017
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge